

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY LAWRENCE BELL,**<br>Petitioner,<br>**v.**<br>**JAMES D. HARTLEY, Warden,**<br>Respondent. | Case No. 10cv1432 WQH (PCL)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 4.)** |

**I.**

**INTRODUCTION**

On July 8, 2010, Petitioner filed a petition for habeas corpus relief claiming that the prison parole board violated his federal due process rights in denying him parole. (Doc. 1, at 6, 10.) Warden James D. Hartley ("Respondent") moved to dismiss the petition on October 8, 2010, on the grounds that Petitioner failed to first exhaust his remedies in state court as required under the Antiterrorism Effective Death Penalty Act, 28 U.S.C. § 2254(b)(1). (Doc. 4, at 3-5.)

This case is before the undersigned Magistrate Judge pursuant to Local Rule 72.1(c)(1)(c)) for Proposed Findings of Fact and Recommendation. After careful consideration of Respondent's Motion, Petitioner's Opposition, and all relevant case law, this Court recommends that Respondent's Motion to Dismiss be GRANTED.

## II.

## PROCEDURAL HISTORY

On January 13, 1984, Petitioner pled guilty to a single count of kidnaping for the purpose of robbery, under California Penal Code section 209(b), and four counts of robbery, under California Penal Code section 211, for which Petitioner was sentenced to life in prison with the possibility of parole. (Doc. 1, at 1-2.) At Petitioner's October 31, 2008 parole hearing, the Board of Prison Hearings denied him parole for one year based on the severity of Petitioner's crimes, criminal history, psychological evaluation, and recidivism prediction. (Doc. 1-1, at 58.) Petitioner was subsequently denied parole for three years on October 12, 2009. (Doc. 4-7, at 3.)

In November 2009, Petitioner sought habeas corpus relief in California Superior Court after being denied parole in October 2008. (Doc. 4-2.) Petitioner's claim was denied on December 14, 2009, for mootness. (Doc. 4-7, at 3.)

Petitioner appealed the Superior Court's ruling to the California Court of Appeal on January 14, 2010. (Doc. 4-7, at 5-35.) The appellate court upheld the denial, finding that the Board of Prison Hearings' "decision to deny parole is supported by the recent psychological evaluation, which, contrary to [Petitioner]'s contention, is not dependent exclusively on historical factors." (Doc. 4-7, at 38.)

On March 10, 2010, Petitioner appealed to the California Supreme Court. (Doc. 4-8.) Petitioner claimed that the California Court of Appeal abused its discretion by misapplying the "some evidence" standard for assessing the potential threat to public safety set forth in In re Lawrence, 44 Cal.4th 1181 (2008). (Doc. 4-8, at 4.) The California Supreme Court denied the petition for habeas corpus summarily on April 14, 2010. (Doc. 4-13.)

Petitioner then filed the instant federal action on July 8, 2010, arguing that the misapplication of the "some evidence" standard by the Board of Prison Hearings violated his federal due process rights. (Doc. 1, at 6, 10.) Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. (Doc. 4.)

## III.

## DISCUSSION

### A. Federal Constitutional Relief Must First Be Sought in State Court

A petition for writ of federal habeas corpus shall not be granted unless the petitioner has exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). Generally, a federal habeas petition should be "dismissed if state remedies [have] not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349 (1989). "[F]ederal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Rose v. Lundy, 455 U.S. 509, 515 (1982).

To exhaust the state remedies, the petitioner must either fairly present the federal claim to the highest state court or demonstrate that there is no available state remedy. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). The petitioner cannot incorporate by reference arguments made to the lower court but must describe the legal and factual basis of the claim in the petition to the California Supreme Court. Gatlin v. Madding, 189 F.3d 882, 888-89 (9th Cir. 1999). The petitioner must "alert the state courts to the fact that [the petitioner is] asserting a claim under the United States Constitution." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). This standard is not met by the petitioner simply making "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial." Hiivala v. Wood, 195 F.3d at 1106. For example, "if a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 366 (1995).

### B. Petitioner Failed to Exhaust Federal Claim in the California Supreme Court.

In his petition for federal habeas corpus relief, Petitioner argues that the Board of Prison Hearings violated his constitutional due process rights by failing to adhere to the standard set forth by the California Supreme Court in In re Lawrence, 44 Cal. 4th 1181,1212 (Cal. 2008) (holding that some evidence is required to support the Board's decision regarding the inmate's current threat to public safety). (Doc. 1, at 6, 10.)

In his state court pleadings, Petitioner incorporates federal arguments into his request for relief from the Superior Court and the Court of Appeals. In those petitions, Petitioner briefly mentions the principle that inmates have a liberty interest in their parole release, which is protected by the United States Constitution. (Doc. 4-2, at 15; Doc. 4-7, at 20.) Petitioner also asserts on several occasions that the manner in which the Board of Prison Hearings conducted his 2008 parole hearing violated Petitioner's constitutional due process rights. (Doc. 4-2, at 10, 21-28; Doc. 4-7, at 15, 25-29.) However, Petitioner's request for relief from the California Supreme Court is based on the grounds that the California Court of Appeal abused its discretion by misapplying the standard of review put forth in In Re Lawrence, a state court case examining a state statute. (Doc. 4-8, at 4.) Although Petitioner does cite Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003), in his petition to the California Supreme Court (Doc. 4-8, at 4), this case is not well settled law as it was overturned on the grounds that a right to parole is not based on any federal constitutional right by Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010). This being the only reference made to a federal claim in his petition to the California Supreme Court, it cannot be said that he sufficiently articulated his federal claim to state's highest court. Because the single case citation in Petitioner's application to the California Supreme Court cannot rationally be construed as a fair presentation of his federal claim, and because Petitioner cannot simply incorporate by reference his arguments to the lower courts in his petition to the California Supreme Court, Petitioner has not met the exhaustion requirement in seeking federal habeas corpus relief, and his petition must be dismissed without prejudice.

**IV.**

**CONCLUSION**

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c)) of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered GRANTING the Motion to Dismiss Without Prejudice.

**IT IS ORDERED** that no later than **February 4, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 14, 2011**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: January 20, 2011

Peter C. Lewis
U.S. Magistrate Judge
United States District Court