

FILED

APR 18 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LAWRENCE BELL, | CASE NO. 10cv1432-WQH-PCL |
| Petitioner, | ORDER |
| vs. | |
| JAMES D. HARTLEY, Warden, | |
| Respondent. | |

HAYES, Judge:

The matters before the Court are Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), Respondent's Motion to Dismiss (ECF No. 4), and the Report and Recommendation of Magistrate Judge Peter C. Lewis (ECF No. 7).

## I.    Background

On July 8, 2010, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging that the California parole board violated his federal due process rights in denying him parole. (ECF No. 1).

On October 8, 2010, Respondent filed a Motion to Dismiss the Petition on the grounds that Petitioner failed to exhaust his state judicial remedies as required by the Antiterrorism Effective Death Penalty Act, 28 U.S.C. § 2254(b)(1). (ECF No. 4).

On January 20, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Motion to Dismiss be granted. (ECF No. 7).

On February 3, 2011, Petitioner filed objections to the Report and Recommendation. (ECF No. 8).  On February 7, 2011, Petitioner filed a "Motion to Excuse Late Filing" of

1   Petitioner's objections.  (ECF No. 10).  On February 25, 2011, Petitioner filed a letter
2   addressed to the "Court Clerk." (ECF No. 12).

3   **II.      Standard of Review**

4          The duties of the district court in connection with a magistrate judge's report and
5   recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.
6   § 636(b)(1).  The district court must "make a *de novo* determination of those portions of the
7   report ... to which objection is made," and "may accept, reject, or modify, in whole or in part,
8   the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see also*
9   *U.S. v. Remsing,* 874 F.2d 614, 617 (9th Cir. 1989).

10  **III.     Discussion**

11         "An application for a writ of habeas corpus may be denied on the merits,
12  notwithstanding the failure of the applicant to exhaust the remedies available in the courts of
13  the State." 28 U.S.C. § 2254(b)(2); *see also Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir.
14  2005) ("[A] federal court may deny an unexhausted petition on the merits ... when it is
15  perfectly clear that the applicant does not raise even a colorable federal claim."); *cf.*
16  *Acosta-Huerta v. Estelle*, 7 F.3d 139, 142 (9th Cir. 1982) (finding that the exhaustion
17  requirement is inapplicable as to claims which "clearly do not rise to the level of alleged
18  deprivations of constitutional rights"). Pursuant to 28 U.S.C. § 2254(b)(2), the Court declines
19  to adopt the Report and Recommendation and considers the Petition on the merits.

20         A California prisoner has a liberty interest in parole protected by the procedural
21  safeguards of the Due Process Clause of the Fourteenth Amendment. *See Hayward v.*
22  *Marshall*, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc). Because the only federal right at
23  issue in this case is procedural, the relevant inquiry is whether Petitioner received due process.
24  *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). "In the context of parole, ... the
25  procedures required are minimal." *Id.* The Supreme Court has "found that a prisoner ...
26  received adequate process when he was allowed an opportunity to be heard and was provided
27  a statement of the reasons why parole was denied. 'The Constitution,' [the Court] held, 'does
28  not require more.'" *Id.* (quoting *Greenholtz v. Inmates of Neb. Penal and Correctional*

1   *Complex*, 442 U.S. 1, 12 (1979)).

2        The Court has reviewed the Petition, Petitioner's objections, and the transcript of the

3   parole hearing at issue. (ECF Nos. 1, 4-2, 4-3). Petitioner was allowed to speak at his parole

4   hearing and to contest the evidence against him, was afforded access to his records in advance,

5   and was notified as to the reasons why parole was denied. This is "the beginning and the end

6   of the federal habeas courts' inquiry into whether [Petitioner] received due process." *Cooke*,

7   131 S. Ct. at 862. Petitioner's contention that he is entitled to habeas relief is foreclosed by

8   *Cooke*. Petitioner's objections are overruled. The Petition is denied.

9        Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 cases, a certificate

10   of appealability is denied. *Cf. Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("[A] [certificate

11   of appealability] should issue when the prisoner shows … that jurists of reason would find it

12   debatable whether the petition states a valid claim of the denial of a constitutional right and

13   that jurists of reason would find it debatable whether the district court was correct in its

14   procedural ruling.").

15   **IV.**    **Conclusion**

16        IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

17   (ECF No. 1). A certificate of appealability is DENIED. The Motion to Dismiss and the

18   Motion to Excuse Late Filing are DENIED as moot. (ECF Nos. 4, 10). The Clerk of the Court

19   shall close this case.

20   Dated: 4/18/11

21

22   WILLIAM Q. HAYES
         UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28